UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-21889

JORGE GUILLERMO ARAUJO,

    Plaintiff,

vs.

C.R.C CAR RENTAL INC,
FIDEL CESAR CESPEDES, Sr., and
RAQUEL HILINGER,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jorge Guillermo Araujo, sues Defendants, C.R.C Car Rental Inc., Fidel Cesar Cespedes, Sr., and Raquel Hilinger, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Jorge Guillermo Araujo**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit.

2. **Defendant, C.R.C Car Rental Inc.**, is a for profit Florida company that is *sui juris* and has operated its car rental business here, in Miami-Dade County, Florida, at all times material.

3. **Defendant, Fidel Cesar Cespedes, Sr.**, was and is a President, an owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

paying Plaintiff's wages.

4. **Defendant, Raquel Hilinger**, was and is a President, an owner and operator of the corporate Defendant for the relevant time period. She also ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

5. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

6. This Court has jurisdiction over Plaintiff's FLSA claims and pendent/supplemental jurisdiction over Plaintiff's related state claim claim(s).

7. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

*Common Background Factual Allegations*

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

9. Defendants have been at all times material engaged in interstate commerce in the course of their provision of car rental services (of vehicles manufactured/assembled outside of the State of Florida and that traveled in interstate commerce) in an around Miami and Miami Beach to out-of-state business travelers and to tourists who visit this District from outside the

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

State of Florida while using machinery, appliances, computers, and credit card processing machinery that also have moved through interstate commerce.

10. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

11. Defendants also advertise / market their restaurant on the internet at http://crcrentacar.com/, which domain name they purchased from GoDaddy.com, LLC, a foreign corporation.

12. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

13. Plaintiff worked for Defendants from January 2015 through April 4, 2017 as a driver.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are Defendants' exclusive custody.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

16. Plaintiff regularly and recurrently used cellular phones and email to exchange transmissions with locations outside of the State of Florida, including the exchange of invoices, materials, goods, and supplies that moved in interstate commerce prior to his use of same.

17. Defendants paid Plaintiff a salary from January 2015 to February 2017.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

18. Defendants then paid Plaintiff an hourly rate of $12.00 from March 2017 to April 4, 2017.

19. Plaintiff worked approximately 50 - 60 hours per week for Defendants as a non-exempt employee, in particular as a driver, from approximately January 2015 through April 4, 2017.

20. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION**

Plaintiff reincorporates and re-alleges all preceding paragraphs set forth fully herein and further alleges as follows:

22. In Florida, and for the relevant time period, the minimum wage was set at $8.05/hour for 2016.

23. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a minimum wage that is at or greater than the minimum wage established by any other law.

24. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for his last few weeks of work during which it paid him no wages.

25. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for each the hours he worked during the relevant time period violated the FLSA, and then failed to timely correct their

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

violation after having known and been put on notice of same.

26. Plaintiff is entitled to a back pay award of unpaid/underpaid minimum wages for all hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Jorge Guillermo Araujo, demand the entry of a judgment in his favor and against Defendants, Defendants, C.R.C Car Rental Inc., Fidel Cesar Cespedes, Sr., and Raquel Hilinger, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d. Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME CLAIM

Plaintiff reincorporates and re-alleges paragraphs 1 through 26 set forth fully herein and further alleges as follows:

27. Defendants failed to accurately document or pay Plaintiff for his time as a result of their improper rounding of time, thereby depriving Plaintiff of pay for each portion of an hour that he worked.

28. Defendants would then pay Plaintiff for 40 hours a week on a paycheck and then

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

pay him at the regular rate for all hours worked over 40 in cash, but did not pay him at the rate of time and one-half of his regular rate of pay for all hours worked over 40 hours in a workweek.

29. Ultimately, Defendants failed and refused to pay Plaintiff the prevailing minimum wages for all hours worked and then failed to pay him overtime wages calculated at time and one-half of a minimum wage for all hours worked over 40 hours in a given workweek.

30. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

31. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay (of at least Minimum Wage) for each of the overtime hours he worked during the relevant time period.

32. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

33. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Jorge Guillermo Araujo, demand the entry of a judgment in his favor and against Defendants, Defendants, C.R.C Car Rental Inc., Fidel Cesar Cespedes, Sr., and Raquel Hilinger, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. §

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884  FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

216(b);

b. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 19th day of May, 2017.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel: 305.230.4884
Fax: 305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

7

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com